Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000472
05-OCT-2016
07:57 AM

NO. CAAP-16-0000472

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MALISA COPPERFIELD, Plaintiff-Appellant, v.
MICHAEL MCDONALD, M.D., Defendant-Appellee, and
DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 15-1-0269(1))

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Fujise and Reifurth, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Plaintiff-Appellant Malisa Copperfield's (Appellant Copperfield) appeal from the Honorable Rhonda I.L. Loo's March 2, 2016 "Order Granting Michael McDonald, M.D.'s, Motion to Dismiss Complaint Filed May 20, 2015" (hereinafter the March 2, 2016 dismissal order) and May 18, 2016 order denying Appellant Copperfield's motion for reconsideration of the March 2, 2016 dismissal order, because neither order is eligible for appellate review in the absence of a separate judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a)

(1993 & Supp. 2015), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i holds that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on <u>Jenkins</u> and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); <u>Bailey v. DuVauchelle</u>, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a <u>separate</u> judgment." <u>Alford v. City and County of Honolulu</u>, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." <u>Jenkins</u>, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On August 9, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000472, which does not contain an appealable final judgment. Absent an appealable final judgment, we lack appellate jurisdiction, and Appellant Copperfield's appeal is premature.

> [J]urisdiction is the base requirement for any court considering and resolving an appeal or original action. Appellate courts, upon determining that they lack jurisdiction shall not require anything other than a dismissal of the appeal or action. Without jurisdiction, a court is not in a position to consider the case further. Thus, appellate courts have an obligation to insure that they have jurisdiction to hear and determine each case. The lack of subject matter jurisdiction can never be waived by any party at any time. Accordingly, when we perceive a jurisdictional defect in an appeal, we must, sua sponte, dismiss that appeal.

Housing Fin. & Dev. Corp. v. Castle, 79 Hawai'i 64, 76, 898 P.2d 576, 588 (1995) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); Peterson v. Hawaii Electric Light Co., Inc., 85 Hawai'i 322, 326, 944 P.2d 1265, 1269 (1997), superseded on other grounds by HRS § 269-15.5 (Supp. 1999); Pele Defense Fund v. Puna Geothermal Venture, 77 Hawai'i 64, 69 n.10, 881 P.2d 1210, 1215 n.10 (1994). Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000472 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 5, 2016.

Chief Judge

Associate Judge

Associate Judge

-3-